The defendant claimed title under a deed from Coffee to him, dated 18th July, 1795, which was impeached by the plaintiff on the ground of fraud. The question for the opinion of the Court was whether the judgment so bound the land as to prevent Coffee from conveying it independently of any fraud there might be in the transaction as between him and the defendant.
The Legislature has provided that where there is no personal property where on to make a levy, the constable shall levy the execution on the real estate, and make return of his proceedings to the ensuing county court; that an order of the court may direct the sheriff to dispose of the real estate. There would be no necessity for this formality if the lands were bound by the judgment in the first instance; the constable might proceed to sell, after satisfying himself that there was no personal property; and such a discretion might have been given to him as the sheriff derives under the 29th section of the Court Law. He is there directed to levy upon and sell lands if, to the best of his knowledge, the defendant has no personal property, or not sufficient to satisfy the execution. If the sheriff were to sell land, though he knew there was a sufficiency of personal property, his sale would unquestionably be good, whatever remedy the defendant might have against him; and the reason is that the lands were bound by the judgment, and the writ gives him authority to sell. The sale of the constable under *Page 111 
the Act of 1786 would be merely void, since the execution neither gives him power to sell nor does the Justice possess competent jurisdiction. Whether a defendant, whose lands are levied upon by a constable under the judgment of a Justice, is at liberty to sell after the levy, is a question worthy of consideration; but as the sale in this case was made twelve days before the levy, the question does not arise.
It is also highly reasonable that lands should only be bound by a proceeding more solemn than that of a Justice's judgment, the existence of which is not to be ascertained by any record. The orders of the county court have sufficient notoriety; purchasers may resort to them and satisfy themselves what judgments are in force against a person with whom they contract. But if the judgment of every Justice is to operate as a restraint upon alienation, a fair purchaser, whatever may be his anxiety to avoid contention or diligence to discover (117) the true state of the debtor's affairs, is liable to be dispossessed. It is no immediate security to him that the seller's means are ample, or that he had retained sufficient to discharge the debt, for the judgment, if it attaches at all, binds every part of the land; as well that which is sold as that which is retained.
Verdict for the defendant.